IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDDIE D. HOLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-14-252-W |
| v. | ) | |
| | ) | |
| ARMOR CORRECTIONAL HEALTH SERVICES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred by United States District Judge West to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice for failure to prosecute.

Plaintiff filed his Complaint in this action on March 13, 2014. He alleged constitutional deprivations concerning the conditions of his confinement at the Oklahoma County Detention Center ("OCDC"). As Defendants, Plaintiff named Mr. Whetsel, the Sheriff of Oklahoma County, Armor Correctional Health Services, a private entity, and Dr. Childs, who allegedly provided medical treatment for detainees at OCDC in his position as a physician employed by Armor Correctional Health Services.

1

On April 7, 2014, an Order Requiring Special Report was entered by the undersigned directing Plaintiff to provide the necessary papers to the Clerk of the Court for perfecting service of process upon Defendants. Plaintiff was directed to submit the service papers within twenty days of the date of the Order. Plaintiff was further advised that proof of service was Plaintiff's responsibility, and Plaintiff was given 120 days from the date of the Order to comply with Fed. R. Civ. P. 4(m) with respect to service of process upon the Defendants. (Doc. # 19).

Thereafter, two items of mail addressed to Plaintiff from the Court, including the Order Requiring Special Report, were returned to the Clerk of the Court marked "Return to Sender" and "Gone 3-10-14." These items of mail were returned to the Clerk of the Court on March 20, 2014 (Doc. # 7), and April 10, 2014 (Doc. # 9).

It is clear from the undelivered mail sent to Plaintiff at his last known address over the previous two months that Plaintiff has failed to comply with LCvR 5.5(a) requiring written notification to the Clerk of the Court of a change of address. Plaintiff also has failed to comply with the Order Requiring Special Report by providing the necessary service papers to the Clerk of the Court within the allotted time.

A court has the inherent power to dismiss an action for failure to prosecute in order to achieve an orderly and expeditious resolution of cases. Link v. Wabash Railroad Co., 370 U.S. 626, 630-631 (1962). Plaintiff's failure to comply with the Court's Order and procedural rules should, in the exercise of the Court's discretion, be adequate grounds for dismissal of the instant action without prejudice due to Plaintiff's failure to prosecute his

action. See Thornton v. Estep, 209 Fed. App'x. 755, 757 (10th Cir.2006)(unpublished op.)(holding district court did not abuse its discretion by dismissing *pro se* inmate's petition for failure to prosecute due to inmate's failure to comply with local rule regarding written notice of change of address).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be *sua sponte* dismissed without prejudice for failure to prosecute. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 3rd___, 2014, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to object to this Report and Recommendation would waive his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __14th__ day of __May__, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE